By the Court.
At the May term of the common pleas for Cuyahoga county, 1879, the plaintiffs in error, Schneider, Smith and Sumner, (the latter of whom was janitor of the Cleveland Homeopathic Hospital College, and the two others were members of the faculty), were convicted and sentenced for concealing and secreting the body of Edwin French, at said college, knowing the same to have been removed without lawful authority. The court overruled a motion for new trial founded on exceptions taken on the trial, and also on the ground that the verdict was against the testimony; and a bill of exceptions containing all the testimony was allowed. In the district court the judgment was affirmed; to reverse which this cause is here.
We find that only one of the assignments is well made, and that affects Schneider alone. We think the verdict against him is not supported by the testimony.
The statute, § 7034 Rev. Stats., under which the indictment is framed, defines several distinct offenses. It is directed against any person who without lawful authority opens a grave, or removes the corpse from its place of sepulture, or delivers it to another for surgical study, or who receives, conceals or secretes the same so removed, or assists in any surgical demonstration, knowing it to have been so removed or delivered.
The record shows that arrangements, participated in by Schneider with outside parties, had been made for the delivery of bodies at the college. As to whether he contení *337 plated an unlawful delivery, the testimony is conflicting; and there is nothing to show that he intended that the body in question should be delivered. The testimony does not tend to show that he had knowledge of its concealment or of its presence at the college prior to its reclamation by the friends of the deceased. Indeed, the contrary is distinctly proved.
As to Smith and Sumner we are unable to say that their conviction was not warranted by the testimony.

Judgment of the district court reversed.